```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

VANCE JOHNSON,                    :
      Plaintiff,                  :
V.                                :    CASE NO. 3:07-CV-1908(RNC)
THERESA LANTZ, ET AL.,            :
      Defendants.                 :
```

RULING AND ORDER

Plaintiff, a prisoner at Northern Correctional Institute ("Northern"), brings this action under 42 U.S.C. § 1983 against the Connecticut Department of Correction ("DOC") and six DOC officials claiming that they violated the Eighth Amendment when they used excessive force to restrain him after he threatened a corrections officer. Plaintiff also alleges state law claims of assault and battery and intentional infliction of emotional distress. Defendants have moved for summary judgment on all counts. For reasons explained below, the motion is granted as to the federal claim, which is dismissed with prejudice, and I decline to exercise jurisdiction over the state law claims, which are dismissed without prejudice.

I. Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2). The defendants have the initial burden of showing that there is an

absence of evidence to support the plaintiff's claims.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  To avoid summary judgment, the plaintiff must point to evidence that would permit a jury to return a verdict in his favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).  In determining whether this standard is met, the evidence must be viewed in a manner most favorable to the plaintiff.  <u>Id.</u> at 255.

II. <u>Facts</u>

On October 21, 2007, at about 2:30 p.m., in the "E unit" of Garner Correctional Facility ("Garner"), the plaintiff started an altercation with Lieutenant McDaniel by making sexually offensive comments, threatening her, and moving toward her in a threatening manner.[1]  To protect herself, McDaniel sprayed the plaintiff with a chemical agent and called for assistance.  A number of other corrections officers responded, including defendants Cody, Dellacamara, Tirado and Vazquez.[2]  A videotape submitted by the parties shows that the officers secured the plaintiff by taking him to the floor and placing him in handcuffs.[3]  While the plaintiff was on the floor, he was asked to confirm that he was

---

[1] Plaintiff neither admits nor denies these facts but contends that they are irrelevant.  Because these facts have not been denied by the plaintiff, they are deemed admitted.  <u>See</u> Local Rule 56(a).

[2] The parties disagree about when each defendant arrived on the scene.  I assume for purposes of this motion that all the officers responded immediately.

[3] The video footage begins after plaintiff is taken to the floor.

aware of what was going on around him.  He indicated that he understood what was happening.  The officers then brought him to his feet and began escorting him to the shower to wash off the chemical agent.  Plaintiff then turned toward Lieutenant McDaniel and spit on her face.  The attending officers immediately returned him to the floor and applied force to his limbs, head and torso while placing a spit mask over his head.[4]  The officers then brought him to his feet again and escorted him to a segregated cell where they applied force to his limbs, head and torso while placing him in fixed restraints.

As a result of the force used to take the plaintiff to the floor and apply the spit mask, his left knee was injured and his left eye was scratched.  On October 26, 2007, he was given a knee brace and ointment for his eye.  On November 2, 2007, his knee was x-rayed, revealing no structural damage, and he was prescribed glasses to correct some vision loss in his left eye.  In late October or early November 2007, the plaintiff was transferred to Northern, a more secure facility, where he continued to express concern about his injuries.  On January 11, 2008, he complained about tenderness in his knee, but the health care provider found no evidence of fracture, dislocation or joint

---

[4] Officer Marquis, not a defendant, prepared an incident report that states he struck the plaintiff twice on the head after the plaintiff tried to bite him. Plaintiff does not refer to this report in opposing the defendants' motion for summary judgment. There is no evidence that any of the named defendants struck the plaintiff.

effusion. An entry in a medical record for March 23, 2008, indicates that plaintiff was satisfied with a prescription for Motrin to treat his knee pain.

III. Discussion

Defendants contend that the record would not permit a reasonable jury to conclude that excessive force was used in violation of the Eighth Amendment. After careful consideration of the record, including the videotape of the incident, I agree that summary judgment is proper on the Eighth Amendment claim.[5]

The Eighth Amendment prohibits state prison officials from using excessive force. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). An excessive force claim has both an objective and subjective component. Id. at 8.; Wright v. Goord, 554 F.3d 255, 268 (2d. Cir. 2009). The injuries sustained by the plaintiff are serious enough to satisfy the objective component. However, the evidence does not support a finding that the officers acted with the necessary level of culpability to satisfy the subjective component.

The subjective component focuses on "whether force was

---

[5] Defendants also contend that the plaintiff's claims must fail because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). The PLRA exhaustion requirement is not jurisdictional and, accordingly, a district court can dismiss a meritless claim without first addressing the issue whether the prisoner properly exhausted administrative remedies. See Woodford v. NGO, 548 U.S. 81, 101 (2006). I adopt that approach here.

applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  In applying this test, courts consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id.  The nature and extent of any injury sustained by the prisoner also may be considered.

In this case, the record establishes that the officers were obliged to use force in dealing with the plaintiff.  It is undisputed that he engaged in behavior that was clearly threatening.  He does not deny that he threatened Lieutenant McDaniel with her life and tried to strike her.  The videotape of the incident shows that even after he was handcuffed, he continued to pose a threat to her.

The force used by the officers was reasonable given the threat they reasonably perceived.  Lieutenant McDaniel's use of the chemical agent was justified as a matter of self-defense. Taking the plaintiff to the floor in the first instance so he could be secured with handcuffs was undoubtedly proper.  The officers made sure the plaintiff knew what was going on before bringing him to his feet.  They then undertook to reduce his discomfort from the chemical agent by escorting him to the shower.  Before they reached the shower, however, he turned

toward Lieutenant McDaniel and spit on her.  Only then did the officers return him to the floor and apply the spit mask, which unfortunately scratched his left eye.  Far from evincing malicious and sadistic intent, the defendants' actions reflect a measured response.  No reasonable jury could find otherwise.[6]

When a federal claim is dismissed before trial leaving only a state law claim, it usually is appropriate for a district court to decline to exercise jurisdiction over the remaining state law claims.  See 28 U.S.C. §1367(c)(3).  There is no reason to depart from this practice here.

IV. Conclusion

Accordingly, defendants' motion for summary judgment (doc. 27) is hereby granted as to the plaintiff's federal claim, which is dismissed with prejudice, and the Court declines to exercise jurisdiction over plaintiff's state law claims, which are dismissed without prejudice.

So ordered this 26th day of March 2010.

/s/
Robert N. Chatigny
United States District Judge

---

[6] The defendants contend that even if the force used could be deemed excessive, they are entitled to qualified immunity under § 1983 because reasonable officers could disagree about the appropriateness of their actions.  Because the plaintiff has not established an Eighth Amendment violation, it is unnecessary to address the defendants' argument based on qualified immunity.